[955 NYS2d 519]

In the Matter of ALLEN S. GOLD, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 19, 2012

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated January 17, 2012, the respondent was immediately suspended from the practice of law in the State of New York, pending further order of this Court, and the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) was authorized to institute and prosecute a disciplinary proceeding against the respondent pursuant to 22 NYCRR 691.4 (e) (5), based on charges set forth in a verified petition dated July 12, 2011. The petition alleged that the respondent was guilty of, inter alia, engaging in conduct that involves dishonesty, fraud, deceit, or misrepresentation and engaging in conduct prejudicial to the administration of justice, by failing to cooperate with the Grievance Committee in its investigation of allegations of professional misconduct.

On April 10, 2012, the decision and order on motion was served upon the respondent, by certified and regular mail, at 450 Mariners Way, Copiague, New York; 5535 42nd Terrace, Vero Beach, Florida; and P.O. Box 700148, Wabasso, Florida. More than 20 days have since elapsed without an answer to the petition, as directed, or a request for an adjournment.

The Grievance Committee now moves to impose discipline against the respondent upon his default in that he failed to submit an answer to the petition. On May 23, 2012, the Grievance Committee's notice of motion and affirmation were served upon the respondent, by regular and certified mail, at 450 Mariners Way, Copiague, New York; 5535 42nd Terrace, Vero Beach, Florida; and P.O. Box 700148, Wabasso, Florida. The respondent has neither opposed the Grievance Committee's motion nor entered any response thereto.

Accordingly, the Grievance Committee's motion is granted, the charges in the petition are deemed established and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

Eng, P.J., Mastro, Rivera, Skelos and Dillon, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Allen S. Gold, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Allen S. Gold, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Allen S. Gold, is commanded to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Allen S. Gold, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).